UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY PAUL MURRAY,<br><br>  Plaintiff,<br><br>  v.<br><br>J. IBARRA, et al.,<br><br>  Defendants. | Case No. 20-cv-00675-DMR (PR)<br><br>**ORDER OF SERVICE; AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RETAIN ATTORNEY**<br><br>(Dkt. 10) |

### I.    INTRODUCTION

Plaintiff, who is currently in custody at the California Medical Facility, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against prison officials of the Correctional Training Facility ("CTF"), where he had been "temporarily transferred" in 2019. Dkt. 1.  He had named the following Defendants from CTF: Chief Deputy Warden K. Hoffman, Correctional Counselor II G. Guinn, Correctional Officers J. Ibarra, Y. Martinez and M. Zavala. *Id.* at 2.  Plaintiff seeks monetary damages. *Id.* at 3.  He has consented to magistrate judge jurisdiction. Dkt. 3.  His motion for leave to proceed *in forma pauperis* has been granted. Dkt. 7.

On July 13, 2020, the original complaint was dismissed with leave to amend. Dkt. 8. Thereafter, Plaintiff filed his amended complaint. Dkt. 9.  Plaintiff's amended complaint is now before the court for review pursuant to 28 U.S.C. § 1915A(a).  Plaintiff again names Defendants Ibarra, Martinez, and Zavala. *Id.* at 3.

Plaintiff's amended complaint is now before the court for review pursuant to 28 U.S.C. § 1915A(a).  Also before the court is Plaintiff's motion for an extension of time to retain counsel in this matter. Dkt. 10.

## II.   BACKGROUND

In his original complaint, Plaintiff asserted as follows, as taken from the court's July 13, 2020 Order:

> Plaintiff alleges that on March 18, 2019, he was "temporarily transferred" to CTF as an "out-to-court" inmate. Dkt. 1 at 3. Plaintiff claims that he was "immediately placed on a status that is usually reserved for serious rule violators and those who commit crimes while incarcerated, which is commonly known as "CTQ" or "confined to quart[e]rs." *Id.* (brackets added). He complains that he was "denied basic needs," including "general access to courts, relig[i]ous services, clothing, hyg[i]ne, cosmetics, station[e]ry, blankets and sheets, adequate medication, canteen, phones . . . ." *Id.* (brackets added). Plaintiff was placed in a cell with "half a dozen broken windows . . . ." *Id.* Plaintiff "attempted to speak with a correctional counselor or sergeant on numerous occasions and was repeatedly ignored and threatened with disciplinary actions by housing unit staff [Defendants] J. Ibarra, Y. Martinez, and M. Zavala." *Id.* at 4. Plaintiff claims that the "same staff members" denied him access to the "following basic needs": "toothbrush, toothpaste, deodorant, soap and/or shampoo, clean clothing, dual blanket and sheets, a change of clothing, a warm place to sleep, shaving razons, fingernail and toenail clippers, and an adequate amount of previously prescribed medications." *Id.* Petitioner claims these conditions "added to the stress, mental anguish, and the torturous symptoms of Eczema ([his] condition is severe)." *Id.*

Dkt. 8 at 3.

As mentioned, the court reviewed Plaintiff's original complaint and dismissed it with leave to amend. *See id.* at 6. In its July 13, 2020 Order, the court noted as follows: "Plaintiff's claim that he suffered the aforementioned conditions during his temporary incarceration at CTF may be sufficient to state a cognizable Eighth Amendment claim against Defendants Ibarra, Martinez and Zavala, but Plaintiff does not indicate the time frame of this deprivation." *Id.* at 4. Thus, the court concluded that the complaint "d[id] not adequately plead an objectively serious condition because Plaintiff only state[d] that it was a "temporary" transfer, but he d[id] not indicate how long he had to endure the aforementioned conditions." *Id.* Without this information, the court could not determine whether this was a problem only at the beginning of his incarceration at CTF or whether it was a consistent problem during the entire time frame of his temporary stay. The court also determined that the complaint

> d[id] not adequately plead the subjective element because he states only that Defendants Ibarra, Martinez and Zavala ignored his requests to 'speak with a correctional counselor or sergeant,' and such an allegation fail[ed] to indicate whether or not these Defendants knew

2

>       of and disregarded an excessive risk to inmate health or safety when
>       they refused to allow Plaintiff to speak with a correctional counselor
>       or sergeant.

*Id.* Finally, Plaintiff had also named as Defendants Hoffman and Guinn but added no facts in his original complaint linking them to his allegations of wrongdoing.

In his amended complaint, Plaintiff only names Defendants Ibarra, Martinez, and Zavala. Dkt. 9 at 3. Therefore, all claims against Defendants Hoffman and Guinn are DISMISSED without prejudice. Plaintiff has also indicated that the time-frame was fifteen days during which had to endure the aforementioned conditions. *Id.* at 3. Plaintiff also clarifies that he specifically asked the named Defendants "for basic necessities of the simplest kind, such as: clean cloths, linen, blankets, soap shampoo, toothpaste, toothbrush, shaving razors, etc." *Id.* at 3-4. Plaintiff states that his requests were denied and "[t]hese three correctional officers deprived [him] of based needs . . . on a daily basis without regard to [his] well-being of his overall health and/or mental state for an extended time frame." *Id.* at 4. Plaintiff claims Defendants also denied him "Law Library access, phone time and paper, pen and envelopes." *Id.* Plaintiff claims that he "has a history of depression [and] suffers from eczema all over his body." *Id.* Plaintiff states that Defendants "did not take into consideration [his] medical and mental condition, even though [he] expressed these issues and the effect it would have on [him] by being deprived [the aforementioned basic necessities] for extended periods of time." *Id.* During this time, Defendants "did not ask or refer [Plaintiff] to any physician" and "stuck by their initial response, which was to remind [him] that [he] was still on CTQ." *Id.* at 5. As a result, Plaintiff claims that he "suffer[s] from a pinched nerve in [his] lower back due to stress and lack of mobility." *Id.* He claims that his "skin condition has also worsened" during the fifteen-day aforementioned deprivation, which led to "uncontrollable itching and scratching brought on by the stress, lack of basic needs and enhanced depression . . . ." *Id.* He continues to seek monetary damages "to compensate [him] for [his] pain and suffering . . . ." *Id.* at 6.

### III. STANDARD OF REVIEW

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

1  U.S.C. § 1915A(a).  The court must identify any cognizable claims, and dismiss any claims which
2  are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary
3  relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §1915A(b)(1),(2).
4　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
5  right secured by the Constitution or laws of the United States was violated and (2) that the
6  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487
7  U.S. 42, 48 (1988).

## IV. LEGAL CLAIMS

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).

The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety.  *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *see Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *see id.* (citing *Wilson*, 501 U.S. at 297).  In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation; the more basic the need, the shorter the time it can be withheld.  *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation.  The more basic the need, the shorter the time it can be withheld.  *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

When liberally construed, Plaintiff's allegations are sufficient to state a cognizable claim

1  for the violation of Plaintiff's Eighth Amendment rights. *See Keenan v. Hall*, 83 F.3d 1083, 1091
2  (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (Eighth Amendment guarantees state
3  prisoner's right to personal hygiene, including toothbrushes and soap); *see also Toussaint v.*
4  *McCarthy*, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984) ("A sanitary environment is a basic human
5  need that a penal institution must provide for all inmates").

## V. PLAINTIFF'S PENDING MOTION

As mentioned, Plaintiff has filed a motion for an extension of time "to seek and retain adequate counsel" in this matter. Dkt. 10 at 1. He claims he is "unfamiliar and [a] layman to the laws and rules of [the] court in what may result in future proceedings . . . ." *Id.*

First, to the extent that Plaintiff requests the appointment of counsel in this matter, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id*. Here, the court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist. The likelihood of Plaintiff's success on the merits cannot be ascertained at this point in the proceedings, and the legal issues are not complex. Accordingly, if the court construes Plaintiff's motion as a request for appointment of counsel, such a request is DENIED without prejudice.

The court now turns to Plaintiff's request for an extension of time in which to retain counsel in this matter. First, there is no deadline for Plaintiff to retain counsel in this matter; he may do so whenever he chooses. As a result, there is no need for an extension of time to retain

counsel. Second, the court notes that Plaintiff does not provide any details as to his efforts to obtain counsel. He has not identified any particular attorney he plans to retain, nor has he explained how granting him an extension of time will enable him to retain counsel. Therefore, Plaintiff's request for an extension of time to retain counsel is DENIED. Dkt. 10.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1. All claims against Defendants Hoffman and Guinn are DISMISSED without prejudice.

2. Plaintiff's amended complaint states a cognizable Eighth Amendment claim against Defendants Ibarra, Martinez, and Zavala.

3. The Clerk of the Court shall send a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (dkt. 9), a Magistrate Judge jurisdiction consent form, and a copy of this Order to the following Defendants at CTF: **Correctional Officers J. Ibarra, Y. Martinez and M. Zavala.**

The Clerk shall also send a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall send a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the

6

waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later. **Defendants shall also respond to the Notice of Assignment of Prisoner Case to a United States Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

     5.     Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

     a.     No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

1  not clear on the face of the amended complaint, Defendants must produce evidence proving failure
2  to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed
3  in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to
4  summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment
5  should be denied and the district judge rather than a jury should determine the facts in a
6  preliminary proceeding. *Id.* at 1168.

7  If Defendants are of the opinion that this case cannot be resolved by summary judgment,
8  they shall so inform the court prior to the date the summary judgment motion is due. All papers
9  filed with the court shall be promptly served on Plaintiff.

10  b.  Plaintiff's opposition to the dispositive motion shall be filed with the court
11  and served on Defendants no later than **twenty-eight (28) days** after the date on which
12  Defendants' motion is filed.

13  c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of
14  the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
15  must do in order to oppose a motion for summary judgment. Generally, summary judgment must
16  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
17  any fact that would affect the result of your case, the party who asked for summary judgment is
18  entitled to judgment as a matter of law, which will end your case. When a party you are suing
19  makes a motion for summary judgment that is properly supported by declarations (or other sworn
20  testimony), you cannot simply rely on what your amended complaint says. Instead, you must set
21  out specific facts in declarations, depositions, answers to interrogatories, or authenticated
22  documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's
23  declarations and documents and show that there is a genuine issue of material fact for trial. If you
24  do not submit your own evidence in opposition, summary judgment, if appropriate, may be
25  entered against you. If summary judgment is granted, your case will be dismissed and there will
26  be no trial. *Rand*, 154 F.3d at 962-63.

27  Plaintiff also is advised that—in the rare event that Defendants argue that the failure to
28  exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust

8

available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    7.    All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

    8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new

address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10. Plaintiff's motion for an extension of time to retain counsel is DENIED. Dkt. 10. And even if the court construes Plaintiff's motion as a request for appointment of counsel, such a request is DENIED without prejudice.

11. This Order terminates Docket No. 10.

IT IS SO ORDERED.

Dated: January 11, 2021

_____
DONNA M. RYU
United States Magistrate Judge